# In the United States Court of Federal Claims

No. 13-139C
(Filed: December 5, 2016)

* * * * * * * * * * * * * * * * * * * * * * * *

SEQUOIA PACIFIC SOLAR I, LLC, et al.,

      *Plaintiffs*,

v.

THE UNITED STATES,

      *Defendant.*

* * * * * * * * * * * * * * * * * * * * * * * *

## AMENDED PROTECTIVE ORDER

To govern access to confidential business information disclosed by the parties or SolarCity Corporation in response to discovery requests, the Court hereby orders as follows:

1. As used in this Protective Order, the following terms have the following definitions:
    a. "Parties" means Plaintiffs, Sequoia Pacific Solar I, LLC and Eiger Lease Co, LLC and Defendant, the United States.
    b. "SolarCity" means SolarCity Corporation.
    c. "Section 1603 program" refers to the program established by Section 1603 of Title I of the American Recovery and Reinvestment Act signed into law on February 17, 2009.

2. As used in this Protective Order, "confidential business information" means information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Rule 26(c) of the Rules of the Court of Federal Claims or is protected from disclosure by the Section 1603 Program Terms and Conditions, and may include, but is not limited to, confidential, financial, trade secret, privileged, or competitively-sensitive information that is disclosed in

discovery or other proceedings in this case. This includes but is not limited to information submitted or provided to Defendant by applicants of the Section 1603 program, or analysis of that information, that is disclosed in discovery or other proceedings in this case.

3. Documents that contain confidential business information will be marked by the producing Party or SolarCity with the word "CONFIDENTIAL" at the top or bottom of each page of the document that contains the confidential business information; provided however that documents produced electronically may be marked by affixing a label bearing the word "CONFIDENTIAL" to the outside of the media (e.g., a CDROM ) on which such information is contained.

4. Documents containing confidential business information that, in the producing Party or SolarCity's judgment, require heightened protections because they contain third-party proprietary information, including but not limited to information subject to disclosure restrictions under the Terms and Conditions of the Section 1603 program, or analysis of that information, will be marked by the producing Party or SolarCity with the phrase "ATTORNEY EYES ONLY" at the top or bottom of each page of the document that contains such information; provided however that documents produced electronically may be marked by affixing a label bearing the words "ATTORNEY EYES ONLY" to the outside of the media (e.g., a CDROM ) on which such information is contained.

5. The word "documents" as used in paragraphs 3 and 4 includes (a) all copies, extracts, and complete or partial summaries prepared from such documents or information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (c) portions of briefs, memoranda, or any other writings filed with the court and exhibits thereto which contain or reflect the content of any such document, copies, extracts, or summaries; (d) deposition testimony; and (e) testimony taken at a hearing or other proceeding.

6. Documents produced by any Party or SolarCity and designated as "CONFIDENTIAL" may be reviewed only by the receiving Party or Parties and their employees (including but not limited to Plaintiffs' employees and Treasury's employees), attorneys, agents, legal staff

assigned to this matter, and expert witnesses retained for purposes of this litigation, and potential deposition or trial fact witnesses who, in a Party attorney's judgment, have a reasonable need to review the document for purposes of this litigation. Subject to the requirements at Paragraph 10 of this Protective Order, the following persons may also review material designated as "CONFIDENTIAL:" SolarCity's in house counsel and its legal staff.

7. Documents produced by any Party or SolarCity and designated as "CONFIDENTIAL" shall not be reviewed by, disclosed to, given, shown, made available, discussed, or otherwise communicated to anyone outside of the persons specified in paragraph 6, unless all such information designated as "CONFIDENTIAL" has first been redacted. However, nothing in this Protective Order will affect the right of the producing Party or SolarCity to use or disclose the documents it designates "CONFIDENTIAL." Such use or disclosure by the producing Party or SolarCity will not waive the protections of this Protective Order and will not entitle any other Party or persons bound by this Protective Order to use such documents or disclose such information in violation of the Protective Order.

8. Documents produced by any Party or SolarCity and designated as "ATTORNEY EYES ONLY" may be reviewed only by the receiving Party's or Parties' attorneys (from the U.S. Department of Justice, U.S. Department of the Treasury, and Covington & Burling, LLP) and their legal staff. Subject to the requirements of Paragraph 10, the following groups also may review materials designated as "ATTORNEY EYES ONLY:" the attorneys assigned to assist in the defense of this litigation from Plaintiffs' in-house counsel and their legal staff; SolarCity's in-house counsel and its legal staff assigned to assist in the defense of this litigation; expert witnesses retained for purposes of this litigation; and potential deposition or trial fact witnesses who, in a Party attorney's judgment, have a reasonable need to review the document for purposes of this litigation.

9. Documents produced by any Party or SolarCity and designated as "ATTORNEY EYES ONLY" shall not be reviewed by, disclosed to, given, shown, made available, discussed, or otherwise communicated to anyone outside of the persons specified in paragraph 8, unless all such information designated "ATTORNEY EYES ONLY" has first

been redacted. However, nothing in this Protective Order will affect the right of the producing Party or SolarCity to use or disclose the documents it designates "ATTORNEY EYES ONLY." Such use or disclosure by the producing Party will not waive the protections of this Protective Order and will not entitle any other Party or persons bound by this Protective Order to use such documents or disclose such information in violation of the Protective Order.

10. Before SolarCity's in-house counsel or its legal staff may review any material designated as "CONFIDENTIAL," or any persons specified in paragraph 8 (other than DOJ, Treasury, and Covington & Burling attorneys and their legal staff) may be permitted to review documents designated as "ATTORNEY EYES ONLY," they shall be informed of and shall agree with the terms of this order, and shall acknowledge that agreement to comply with the provisions of this order by signing a copy of the attached Declaration (Attachment A). The Parties' attorneys of record shall retain copies of the Declaration until such time as this litigation, including all appeals, is concluded. At the time litigation is concluded, upon request, the receiving Party shall provide copies of the Declarations to the producing Party.

11. Documents filed with the Court designated as either "CONFIDENTIAL" or "ATTORNEY EYES ONLY" will be filed under seal. Documents filed under seal shall include the legend "PROTECTED INFORMATION" and a statement that provides in substance: "Subject to a protective order of this Court. May not be disclosed, revealed, or made public except by order of the Court." Such material will be made available only to the Court and to persons authorized by the terms of this Protective Order. At the conclusion of this lawsuit, all materials filed with the Court under seal will be kept underseal or destroyed. This requirement extends to any document that reflects, contains, or includes information designated as "CONFIDENTIAL" or "ATTORNEY EYES ONLY."

12. Within 60 days of the time this litigation, including all appeals, is concluded, unless otherwise agreed to in writing by the parties, Plaintiffs shall destroy or assemble and return all materials designated by Defendant as "CONFIDENTIAL" or "ATTORNEY EYES ONLY," including all reasonably accessible copies, extracts, and summaries thereof.

13. Except as otherwise required by law, the parties and all persons bound by the terms of this Protective Order shall use any information or document governed by the Protective Order only for the purpose of this litigation, unless and until the producing party consents to use of information or a document for another purpose or this Protective Order is modified by further order of this Court.

14. Notwithstanding any other provision of this Protective Order, nothing herein will prohibit an attorney for any Party from disclosing a document designated as containing information that is "CONFIDENTIAL" or "ATTORNEY EYES ONLY" to any person who was an author, addressee, or carbon copy recipient of such document; and regardless of designation pursuant to the Protective Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, attorneys may discuss such conduct or statements with such witness without revealing any portion of the document or testimony other than that which specifically refers to such conduct or statement, and such discussion will not constitute a disclosure prohibited by the terms of this Protective Order.

15. This Protective Order will not preclude either the Parties or SolarCity, after designating information either "CONFIDENTIAL" or "ATTORNEY EYES ONLY," from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as it may consider appropriate. Nor will that Party or SolarCity be precluded from claiming that any matter designated hereunder is not entitled to the protections of this Protective Order, from applying to the Court for an order permitting the disclosure or use of information or documents otherwise prohibited by this Protective Order, or from applying for an order modifying this Protective Order in any respect, at any time.

16. If a Party or SolarCity determines that a previously-produced document inadvertently was not designated as either "CONFIDENTIAL" or "ATTORNEY EYES ONLY," it shall give notice in writing to the receiving Party or Parties that the document is to be treated as containing protected information, and thereafter the designated document shall be treated in accordance with this protective order or returned to that producing Party or SolarCity if the material is

identified as privileged.

17. Any receiving Party may challenge a designation of confidentiality at any time, and does not waive its right to bring such a challenge by electing to not bring it promptly after the original designation is disclosed. In making such a challenge, the challenging Party shall provide the designating Party or SolarCity with a written notice of objection to the designation, specifically explaining the basis for its belief that the confidentiality designation was not proper. The Parties shall then make a good-faith effort to resolve the dispute without judicial intervention. In the event that such a dispute cannot be resolved by the Parties, the designating Party or SolarCity shall file with the Court a motion to retain confidentiality within 14 days of the receipt of the challenging Party's written notice of objection, showing good cause for the designation of the documents or materials as "CONFIDENTIAL" or "ATTORNEY EYES ONLY," and demonstrating that they properly are subject to treatment under this protective order. Documents and materials that are the subject of any such dispute shall be treated as "CONFIDENTIAL" or "ATTORNEY EYES ONLY," until resolution of the dispute, and thereafter shall be treated in accordance with the Court's disposition of the dispute.

18. Non-parties (other than SolarCity) producing documents or providing deposition testimony in the course of this litigation may designate materials as protected information, subject to the same protections, obligations, and constraints as the Parties to this litigation and SolarCity. Any non-party (other than SolarCity) that wishes to designate documents or information under the Protective Order shall sign a copy of the attached Declaration (Attachment B) and agree to be bound by the terms of the Protective Order. After the Court enters the Protective Order, a copy of the Protective Order shall be served along with any future subpoenas served in connection with this case. The nonparties shall retain copies of the Declarations until such time as this litigation, including all appeals, is concluded.

19. No part of the restrictions imposed by this Protective Order may be terminated, except by order of this Court for good cause shown. Termination of this civil lawsuit will not automatically terminate the directives of this Protective Order, which unless sooner terminated by the Court, will be in effect in perpetuity.

20. Documents and information designated as "CONFIDENTIAL" or "ATTORNEY EYES ONLY" may be disclosed to a mediator agreed upon by the parties, or the staff of such a mediator. The parties shall provide a copy of this Protective Order to the mediator. Any written submission to the mediator that reflects, contains, or includes information designated as "CONFIDENTIAL" or "ATTORNEY EYES ONLY" shall include the legend "PROTECTED INFORMATION" and a statement that provides in substance: "Subject to a protective order of the United States Court of Federal Claims. May not be disclosed, revealed, or made public except by order of the Court."

s/ Eric G. Bruggink  
ERIC G. BRUGGINK  
Judge